## MULLEN v PELLAR

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10115. Decided June 17, 1929

C. M. Heil, Esq., Cleveland, for Mullen.
J. L. Spits, Cleveland, for Pellar.

VICKERY, PJ.

There are two theories on which this case could be reversed, if it is reversible and if the evidence warranted sustaining either of those theories: One is that the note was given to compound a felony; and the other is that there was duress.

The first could not be true, for there was no felony committed, nor does the record show anything like a felony or any promises not to prosecute if the note was given; so the note was not given to compound a felony and there is no evidence which would warrant a reversal upon the theory that this note was given to compound a felony.

The other theory is that it was given under duress. Now it must be remembered that there is no relationship between Mullen and Livingston. They were nothing but friends and when Livingston sent over to Mullen to come over to the Police Headquarters, Mullen was under no physical restraint nor was he related in any way where the subject of duress might be invoked in order to release him from

liability on the note. He was a free agent and his friend was in difficulty.

The law is well settled that taking a note of a third person is a payment pro tanto to the amount of the note unless it is expressly agreed that the note shall be taken only as conditional payment; and there is no such agreement in this record and, therefore, Livingston's debt to Pellar was paid by the acceptance of this note to the extent of $100. So there was a valid and valuable consideration for the note, and there being no duress nor the compounding of a felony, we can see no reason why this note should not have been paid, nor do we see any error in the court's finding for the plaintiff below.

There being no error in the record, the judgment will be affirmed.

Sullivan, J, concurs. Levine, J, dissents.